UTICA,
August, 1823.

EX PARTE,
BENNET.

A justice's
services, in ex-
amining and
removing pau-
pers from one
town to ano-
ther, of this
state, are a
town, not a
county charge.

*Ex parte*, PHILANDER BENNET, one of the Justices of the
Peace of the county of ERIE.

A RULE had been granted, at the last term, requiring the
Supervisors of the county of *Erie*, to shew cause, by the
first day of the present term, why a mandamus should not
issue, commanding them to audit and allow the account of
Mr. *Bennet*, *as a county charge*, for services rendered by
him, as a Justice, under the first section of the act, (*sess.*
44, *ch.* 220, *s.* 1) in and about the examination and removal
of paupers, from the town of *Buffalo* to another town in this
state, where they were settled. And the only question was,
whether these services were properly chargeable to the *town*
for whom they were rendered, or to be audited and allowed
as a part of *the contingent charges of the county*.

*Talcott*, (Attorney General) shewed cause.

S. *Beardsley*, contra, cited the statute, (*sess.* 44, *ch.* 117,
*s.* 3.)

*Curia.* This is properly a town charge. The services
were rendered in behalf of the town, who wished to avoid the
expense of maintaining the pauper, by sending him to ano-
ther town in this state, where he was settled. Suppose the
case had come to an appeal, the town must have carried it
on at their own expense, and they ought equally to pay all
the other expenses incident to a removal, for their particular
benefit,(a)

Rule discharged.

(a) Vid. *sess.* 36, *ch.* 78, *s.* 9, 1 *R. L.* 282, where the *constable's* char-
ges for transporting a pauper, under an order, are made a county charge.